WILLMORE F. HOLBROW III (SBN: 169688)
wholbrow@buchalter.com
BUCHALTER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Plaintiff
SPOON CO., LTD.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPOON CO., LTD., a Japanese corporation<br><br>Plaintiff,<br><br>v.<br><br>GO TUNING UNLIMITED, LLC, a California limited liability company,<br><br>Defendant. | Case No. 8:25-cv-01451<br><br>**COMPLAINT FOR:**<br><br>(1) **DECLARATORY JUDGMENT RE OWNERSHIP OF SPOON SPORTS TRADEMARK BY SPOON CO., LTD. and FRAUD ON THE PTO BY GO TUNING; and**<br>(2) **CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 5,712,655;  or**<br>(3) **TRANSFER OF U.S. TRADEMARK REGISTRATION NO. 5,712,655;** |

Plaintiff SPOON CO., LTD. ("Plaintiff" or "Spoon"), for its complaint against defendant GO TUNING UNLIMITED, LLC ("Defendant" or "Go Tuning"), alleges as follows, based upon its personal knowledge of facts alleged herein unless otherwise stated upon information and belief:

## I. INTRODUCTION

1. This action for declaratory relief seeking namely, (1) a finding that Spoon owns all trademark rights to the trademarks SPOON and SPOON SPORTS and that Go Tuning committed fraud on the United States Patent and Trademark Office (USPTO or PTO), (ii) cancellation of U.S. Trademark Registration No. 5,712,655 (the "'655 Registration"), as Spoon is the owner of the SPOON SPORTS trademark in the United States, which Go Tuning knew at the time of filing its application for SPOON SPORTS and fraudulently misrepresented to the PTO; (2a) the assignment of the '655 Registration from Go Tuning to Spoon, or (2b) in the alternative, the cancellation of the '655 Registration that was procured and maintained by fraud, well after Spoon had established trademark rights in the United States.

## II. JURISDICTION AND VENUE

2. This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

3. The Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), including the power to issue declaratory and ancillary relief affecting a trademark registration that was procured by fraud and/or that Spoon has priority of use over the subject mark and therefor may order exemplary relief and attorneys' fees under the Lanham Act.

4. The Court has personal jurisdiction over Defendant who resides in this District.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391 (a) and (b)(2).

## III.  PARTIES

6. Spoon is a Japanese corporation with its principal place of business at 5-2-8 Ogikubo, Suginami-ku, Tokyo Japan 167-0051.

7. GO TUNING is a California limited liability company with its principal place of business at 941 N. Elm Street, Suite D, Orange, California 92867.

## IV.  GENERAL ALLEGATIONS

8. Spoon has manufactured automotive and other products for over 40 years. It offered extremely high quality products when it launched and continues to offer high quality products today. As the manufacturer of the Spoon products, Spoon has always controlled the quality of the products.

9. Spoon is a Japan-based manufacturer and the only manufacturer of the well-known automotive products sold under SPOON or SPOON SPORTS trademarks (collectively, "SPOON" or the "SPOON brand").

10. Spoon has marketed and sold SPOON branded products, directly and/or through distributors, in the United States continuously since at least as early as approximately 1991, approximately 20 years before Go Tuning became a distributor of the SPOON products in the United States.

11. Defendant Go Tuning applied to register the SPOON SPORTS trademark in May 2018, without informing or requesting authorization from Spoon. This was long after Spoon had created secondary meaning and ownership rights in SPOON, in the United States, based on its long history of sales in the United States.

12. As part of the, trademark application, leading to the '655 Registration, Go Tuning affirmed to the PTO that it was the owner of the SPOON SPORTS trademark, which it knew at the time was not true.

13. Without knowledge of the '655 Registration, Spoon filed its own trademark application for SPOON SPORTS. The application was refused by the PTO based on Go Tuning's '655 Registration of SPOON SPORTS (the "Refusal"). Spoon did not learn of the '655 Registration until it was cited against Spoon's

application for SPOON SPORTS on or about October 29, 2019.

14. Rather than assign the '655 Registration to Spoon, at that time, Go Tuning requested that it be able to continue to act as Registrant of the '655 Registration because it claimed it needed the '655 Registration in order for them to protect the SPOON brand in the United States and participate in certain events.

15. Solely to overcome the Refusal, the parties entered a Mutual Consent Agreement ("MCA"), on or about May 13, 2020.  The MCA expressly states that Go Tuning was Spoon's exclusive distributor of SPOON products in the United States, which was a critical condition for the existence and viability of the MCA.

16. As a result of the MCA, the Refusal was overcome at the PTO and SPOON obtained a registration for SPOON SPORTS, namely U.S. Registration No. 6,160,727 (the "727 Registration").

17. Earlier this year, for a variety of reasons, Spoon decided to end Go Tuning's exclusive distributorship in the United States.  As the exclusive distributorship was the premise on which the MCA was based, the terms of the MCA are no longer enforceable, applicable or relevant.

18. Spoon has asked Go Tuning to assign the '655 Registration to Spoon on several occasions.  Go Tuning has refused to do so.

19. The automotive products featured in the photographs submitted by Go Tuning to the PTO, as specimens featuring the trademark, in connection with the '655 Registration, are products manufactured and branded by Spoon in Japan.

20. Spoon has exclusive control over the quality of the automotive products bearing the SPOON brand and sold by Go Tuning.

21. Based on Spoon's long history of creating high-quality products, (i) the consuming public associates the SPOON brand with products made in Japan by Spoon; and (ii) Spoon is the beneficiary of the goodwill associated with the SPOON branded products in the United States.

22. Similarly, consumers knew Go Tuning was the U.S. distributor of the products, which are and have long been sold around the world by Spoon. As Spoon's distributor, any goodwill in the products and mark resulting from Go Tuning's sales efforts inured to the benefit of Spoon.

23. As a result of the termination of Go Tuning's exclusive distributorship in the United States, it is critical to consolidate ownership of the two registrations for SPOON SPORT or in the alternative cancel the '655 Registration.

## COUNT I

## FOR DECLARATORY JUDGMENT RE: SPOON CO., LTD.'s OWNERSHIP OF "SPOON SPORTS" TRADEMARK AND GO TUNING'S FRAUD ON THE USPTO

(15 U.S.C. § 1051 *et seq*, 28 U.S.C. § 2201, *et seq.*)

24. Plaintiff repeats and realleges the allegations in paragraphs 1 to 23 above as if fully set forth herein.

25. At all times, Plaintiff has been and is the only owner of the SPOON SPORTS mark in the United States.

26. A real and existing case and controversy exists as to whether Defendant committed fraud on the USPTO to procure the '655 Registration in the SPOON SPORTS mark.

27. Defendant made materially false statements of fact to the USPTO, including but not limited to those listed above.

28. Defendant knew the representations were false when made.

29. Defendant made the false representations with the intent for the USPTO to rely upon them, and the USPTO relied upon them to issue a registration.

30. Plaintiff has been injured as a result of the fraud on the USPTO, as it was the rightful owner of the mark at the time of the registration.

31. Plaintiff is informed that Defendant disputes these positions.

32. Accordingly, a real and existing case and controversy exists, and Plaintiff seeks a declaratory judgment that Defendant committed fraud on the USPTO to procure the '655 Registration.

33. In addition, pursuant to 15 U.S.C. § 1117(a), Plaintiff seeks its costs and attorneys' fees under the facts and exceptional circumstances of this case.

## COUNT II

## CANCELLATION OR TRANSFER OF TRADEMARK REGISTRATION

(15 U.S.C. § 1051 *et seq*, 28 U.S.C. § 2201, *et seq.*)

34. Plaintiff repeats and realleges the allegations in paragraphs 1 to 33 above as if fully set forth herein.

35. Ancillary to the declaratory judgment that Plaintiff seeks, Plaintiff seeks cancellation of the '655 Registration under 15 U.S.C. § 1119. Alternatively, if for any reason Defendant's trademark registration is not void *ab initio*, Plaintiff seeks a judgment ordering the transfer of the '655 Registration to Plaintiff under the equitable powers of the court, including without limitation under the assignment/constructive trust theory if and to the extent appropriate.

36. In addition, pursuant to 15 U.S.C. § 1117(a), Plaintiff seeks its costs and attorneys' fees under the facts and exceptional circumstances of this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

(1) A declaration that Plaintiff has superior trademark rights in connection with the various products in the United States;

(2) A declaration that Defendant committed fraud on the USPTO to procure the '655 Registration;

(3) An order directing the USPTO to cancel the '655 Registration or to transfer the '655 Registration to Plaintiff;

///

///

(4) An award of interests, costs, attorneys' fees, and such other and further relief as the Court deems just and appropriate.

Dated: July 3, 2025

Respectfully submitted,

BUCHALTER
A Professional Corporation

*/s/Willmore F. Holbrow III*
Willmore F. Holbrow III
1000 Wilshire Blvd. #1500
Los Angeles, CA 90017
Email: wholbrow@buchalter.com
Telephone: 213.891.0700

Attorneys SPOON CO., LTD.